**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BASKIN-ROBBINS FRANCHISED
SHOPS, L.L.C.,

          Plaintiff,

                                  Case No. 07-CV-10987

v.

LIVONIA ICE CREAM # 809, INC.,
et al.,

          Defendants.
_____/

**OPINION AND ORDER AWARDING PLAINTIFF
REASONABLE ATTORNEYS' FEES AND COSTS**

**I. BACKGROUND**

On July 18, 2007, the court entered an order of dismissal in the above-captioned case, pursuant to an agreement reached by the parties. (*See* 7/18/07 Order.) The sole unresolved issue that remains is a possible award of attorneys' fees and costs to Plaintiff Baskin-Robbins Franchised Shops, L.L.C., pursuant to the parties' contract. (*Id.* at 1.) The parties capped the potential award at $23,000. (*Id.* at 1, n.1.) Because the parties could not agree on an award, Plaintiff submitted a fee petition, currently pending before the court, seeking $23,000 in attorneys' fees and costs. Defendants Livonia Ice Cream # 809 and Donn Fresard objected to Plaintiff's fee petition, asserting that Plaintiff's requested award is excessive and unwarranted.[1]

---

[1]Upon information and belief, Defendant Mario Merola is presently unrepresented by counsel. Plaintiff's counsel indicated that he would serve Merola with a copy of Plaintiff's fee petition. To date, Merola has not responded to Plaintiff's fee petition.

## II. STANDARD

The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metro. Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Id.* at 430 n.3.

## III. DISCUSSION

### A. Reasonable Hourly Rate

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 46 U.S. 886, 897 (1984). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own

affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 896 n.11. An attorneys' fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Id.* (internal quotations and citations omitted).

Plaintiff was represented primarily by attorney David Worthen, a principal practicing with a large Washington D.C. law firm specializing in franchise litigation. (Worthen Aff. at 1-2, Pl.'s Pet. Ex.1) Worthen claims an hourly rate of $305. (*Id.*) Plaintiff also seeks reimbursement for the attorney time of two of Worthen's colleagues, Robert Zisk, a shareholder with an hourly rate of $325, and Jeffery Karlin, a shareholder with an hourly rate of $295. (*Id.* at ¶ 9.) Plaintiff also retained local counsel Douglas Kelly and Eric DeGroat from Detroit law firm Clark Hill at an hourly rate of $260. (*See generally* Kelly Aff., Pl.'s Pet. Ex. 2.)

While the court recognizes that Worthen and his colleagues are partners at a large Washington, D.C. firm, "when a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), cert. denied, 525 U.S. 822 (1998)). The court therefore considers Southeast Michigan the relevant community for purposes of this fee calculation.

3

District courts have relied on the State Bar of Michigan 2003 Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice. *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed. App'x. 498, 501-02 (6th Cir. 2006). The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average billing rate for all attorneys was $177 per hour. For attorneys in large firms (over 100 attorneys), the rate was $251 per hour, $210 for equity partners, $238 for attorneys whose office was located in downtown Detroit, and $186 for attorneys whose office was located elsewhere in Southeast Michigan. Even taking into account the rate increase from 2003 to 2007, a number of courts have found that $200 per hour constitutes a fair average billing rate for fee award purposes in several types of litigation. *See Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. App'x. 226, 228 (6th Cir. 2005); *Lamar*, 178 Fed. App'x. at 501-02; *Darbyshire v. Garrison*, No. 04-CV-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006).

**1. D.C. Counsel**

Considering the fact that Worthen and his colleagues are partners in a large D.C. law firm with years of experience in the field of franchise litigation, the court finds that an hourly rate higher than the average Detroit rate of $200 is appropriate. The court further concludes that an hourly rate of $250, which represents the median rate for attorneys in large law firms practicing in southeast Michigan, is suitable to compensate the D.C. attorneys in light of the local market rate and the fact that this case did not involve substantial litigation and was of a reasonably short duration.

### 2. Local Counsel

Furthermore, on the matter of local counsel's hourly rate, the court similarly finds that the requested rate of $260 exceeds the amount necessary to compensate reasonably competent, non-partner counsel in the Detroit-area. Local counsel's affidavit does not provide any information that would justify a rate greater than $200, a rate which courts in this circuit have found to be a fair average billing rate for fee award purposes in several types of litigation. *Auto Alliance Int'l,* 155 Fed. App'x. at 228; *Lamar*, 178 Fed. App'x. at 501-02. The court is persuaded that an hourly rate of $200 is reasonable and sufficient to compensate local counsel.

### 3. Paralegals

Plaintiff seeks reimbursement for paralegal time at an hourly rate of $125. According to the 2003 Michigan Bar Survey, the median hourly billing rates for paralegals in firms with 20 or more attorneys ranged from $70 to $100 per hour, depending on the paralegal's experience. (2003 Mich. Bar Survey at 27.) The court finds that $125 per hour is excessive given what is typical in this locale, and determines that $100 is a reasonable rate. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 949 (E.D. Mich. 2005) (awarding paralegals an hourly rate of $100); *Kissinger, Inc. v. Singh*, 304 F. Supp. 2d 944, 954 (W.D. Mich. 2003) (finding paralegal rate of $95 per hour reasonable).

## B. Number of Hours Reasonably Expended

Plaintiff seeks compensation for a total of 89.8 hours of attorney and legal assistant time.[2] This case settled approximately four months after it was initiated and involved no discovery or motion practice; the case was essentially comprised of a complaint, an answer, a joint discovery plan, a status conference, an exchange of settlement proposals and a settlement conference – at which point the parties agreed on a settlement and a dismissal of the case. In light of the short duration of the case and the absence of any discovery, motion practice or substantive litigation, expending 89.8 hours on this case appears somewhat excessive to the court. For instance, as Defendants point out, Plaintiff's out-of-town and local counsel spent a combined total of 27.85 hours engaging in general complaint/case preparation, drafting the complaint and reviewing a loss prevention file. This figure strikes the court as more than is necessary for capable, experienced lawyers to engage in case initiation proceedings. In that vein, upon reviewing Plaintiff's entire fee petition, the court concludes that the claimed 89.8 hours is excessive given the facts of this case, and a reduction is in order. The court is persuaded that a figure representing 70% of the total number of hours requested would serve as a reasonable adjustment. Accordingly, the court will award Plaintiff reimbursement for 62.86 hours expended (32.2 hours expended by D.C. counsel and paralegals and 30.66 hours expended by local counsel), i.e., 70% of the claimed 89.8 hours.

---

[2]Plaintiff seeks reimbursement for 3.75 hours of paralegal time. (Worthen's Aff. at ¶ 10, Pl.'s Pet. Ex. 1.)

Accordingly, the court awards Plaintiff $13,619.50 in attorneys' and paralegal fees', comprised of 28.45 hours at an hourly rate of $250 (D.C. counsel), 3.75 hours at an hourly rate of $100 (D.C. paralegals) and 30.66 hours at an hourly rate of $200 (local counsel).

## C.  Associated Costs

Finally, Plaintiff claims costs in the amount of approximately $1,461.56, comprised of filing fees, service of process fees, mileage and parking fees, mail fees and research fees. The court determines that these costs are reasonable and necessary and therefore properly awarded.

## IV.  CONCLUSION

IT IS ORDERED that Defendants pay Plaintiff $15,081.06 in reasonable costs and attorneys' fees on or by **December 14, 2007.**

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522